UNITED STATES *v.* STARNES.

*(District Court. D. South Carolina.* February 7, 1889.)

1. INTERNAL REVENUE LAWS—OFFENSES—RETAIL LIQUOR DEALER—MEDICINAL PREPARATIONS.

One who sells a medicinal preparation, knowing that it contains an intoxicating quality, to be used as a beverage, or with the knowledge that it was purchased to be used as a beverage, is a retail liquor dealer, within the meaning of the United States statutes providing for the punishment of persons carrying on the business of retail liquor dealers without payment of the special tax.

2. SAME.

Where the dealer, after having sold such preparation to a customer, who, in his presence, or with his knowledge, used it as a beverage, continues to sell it to the customer, the jury may find him guilty of such offense.

3. SAME.

So, also, if the preparation is but a disguised form of spirituous liquors, intended for use as a beverage.

Indictment for Carrying on the Business of a Retail Liquor Dealer Without Having Paid the Special Tax.

*L. F. Youmans,* U. S. Dist. Atty.

*W. J. Cherry* and *I. B. Bell,* for defendant.

SIMONTON, J., *(charging jury.)* The defendant, a merchant of Lancaster, is indicted for carrying on the business of a retail liquor dealer without having paid the special tax. He sold by the bottle a compound known as "Burton's Bitters," not having paid the special tax as a retail liquor dealer. The jury, from the evidence, must

answer these questions: Burton's Bitters, are they a genuine medicine, designed solely for medicinal purposes, or were they, as charged by the government, a disguised form of spirituous liquors, intended for use as a beverage? If Burton's Bitters were intended as a medicine, did they contain enough alcoholic material to give an intoxicating quality? Did the defendant sell them as a medicine, for medicinal purposes, and none other? Did he sell them as a beverage, or did he know that they were purchased from him to be used as a beverage? Were they used by purchasers in his presence, and with his knowledge, as a beverage; and did he continue to sell them to such purchasers after that knowledge was acquired? If the bitters are simply an intoxicating drink in disguise, and defendant knew this, you can find him guilty. If the bitters contain an intoxicating quality and are really a medicine, or are intended for medicinal purposes, and defendant, knowing that they could intoxicate, sold them to be used as a beverage, or with the knowledge that they were purchased to be used as a beverage, you may find him guilty. If he sold the bitters to any of his customers, and they, in his presence, or with his knowledge, used the bitters as a beverage, and with the knowledge thus acquired he continued to sell to them, you may find him guilty.